In the Matter of the Accounting of HERMAN WACHT et al., as Trustees under the Will of SAMUEL WACHT, Deceased.

Surrogate's Court, New York County, February 24, 1953.

*Edward Lee* for Herman Wacht and another, as trustees, petitioners.

*J. Adam Murphy* and *James Bruce* for New York Trust Company, as trustee, petitioner.

*Louis R. Kagan* for William Wacht, as trustee, respondent.

*A. Walter Socolow* for Benjamin Gutman, as trustee, respondent.

*Joseph J. Zuckerman* for Leo Schiff and another, respondents.

*Joseph G. Cohen* for Sadie Cohen, respondent.

*William Macy* for Miriam E. Rosen and another, respondents.

*Harold C. Jesse,* special guardian for Richard L. Wacht and others, infants, respondents.

FRANKENTHALER, S. The accounting trustees have submitted as part of their account a schedule of reallocations between income and principal interests in the residuary trusts. The petition requests that rulings be made approving such apportionments. At the hearing certain amendments to the account were made on the record with the consents of the parties appearing. No party in interest has made objection to the reallocations proposed by the trustees. In view of the acquiescence of the parties to the account, the decree will direct payment as provided in the account and will discharge the trustees as to the matters embraced in the account.

The corporate trustee asks permission to resign. This relief is opposed vigorously by a number of the beneficiaries and the opposition includes two of the cotrustees. No party in interest has consented to the resignation.

Deceased's will, which was admitted to probate in the year 1929, designated four individuals and the trust company as executors and trustees. The individuals named were deceased's widow, his son and two sons-in-law. All the nominated fiduciaries duly qualified and acted until the death of the widow at which time, pursuant to the provisions of the will, a second son of deceased became a successor trustee. Under the terms of the will any future vacancies in the number of trustees are to be filled, in respective order, by a son-in-law and two daughters of deceased. The group of trustees presently consists of the surviving four of the original fiduciaries and the successor trustee. Two of the individual trustees are beneficiaries of trust income while the other individual trustees are husbands of income beneficiaries. The persons named to fill future vacancies are

the husband of an income beneficiary and two income beneficiaries whose husbands are trustees now in office. Except for the corporate trustee each trustee and each prospective successor trustee has either a direct interest in trust income or is the spouse of an income beneficiary. The remaindermen of the trusts are the issue of the income beneficiaries. No remainderman is a trustee and hence the remainder interests have no actual representative among the trustees and, under the plan of succession in the will, remaindermen will not acquire such representation. There is no suggestion or intimation of bias on the part of the individual trustees but each of them has the problem of advancing interests in which he is a participant, directly or indirectly, and of protecting interests in which he has less financial concern. The corporate trustee is the only fiduciary that can exercise judgment untrammeled by misgivings that personal interest contributes to its reasoning. This important factor, combined with the publicized advantages which the experience and facilities of trust companies offer to their individual cofiduciaries, well might have motivated testator's designation of the corporate trustee. He also may be presumed to have considered the fact that such institutions, although not perpetual, usually have a continuity that exceeds the span of any human life. The elements which justified the appointment of the company in the first instance, over twenty years ago, are impelling reasons for its continuance in office today.

The resignation of the corporate trustee is not prompted by any criticism of the trust administration. None of the trustees attacks the fiduciary conduct of another. There does exist a difference of opinion between the corporate trustee and the individual trustees as to investment policy. The corporate trustee has recommended a liquidation of certain realty holdings solely to procure a greater diversification among investments within the narrow investment limits of the will. Under the provisions of the will the action of a majority of the trustees is controlling and the recommendations of the corporate trustee have been rejected by the individual trustees. The corporate trustee feels that, since the bulk of the estate is in realty, the conflict of opinion on investment policy is a matter of vital importance. No one can dispute the fact that problems of investment are of major concern in trust administrations but it is here evident that a divergence of opinions on this point does not permeate other equally important aspects of the estate administration and there is no reason that it should. As to all other

matters the administration has been both harmonious and efficient and the relationship among all the trustees has been congenial.

An advantage to any trust from the appointment of multiple trustees is the obtaining of diverse opinions based upon the knowledge and experience of all the trustees. It must be recognized that complete concurrence of opinion is not always procurable. Here testator anticipated such situations by providing for majority action. The resignation of a particular trustee when his opinion fails to prevail is not a desirable escape from an impasse and it defeats the very purpose of the trustee's appointment. If the assumption is that the corporate trustee was nominated by testator because of the peculiar contributions to estate management to be derived from its recognized experience in estate matters, there is no reason that, because of a conflict of opinions, such contributions should be lost either by the trustee assuming a quiescent attitude or by its resigning from office. Had testator desired that there be unanimity of action he would not have provided otherwise in his will. The testamentary provision authorizing action by a majority of the trustees was known to all of them when they assumed office and they have functioned satisfactorily within that provision for many years. There is no hostility or friction today that interferes with the administration of the trusts.

The court recognizes that circumstances can justify the resignation of a fiduciary and that the assumption of fiduciary duties does not impose an obligation from which the fiduciary may not be relieved. Circumstances entitling one of the trustees to retire from office may arise at some future time during the administration of this estate but conditions warranting such relief do not obtain presently. The trustees differ only on the question as to whether or not certain realty holdings now should be sold. The corporate trustee has acquainted its cotrustees and the court of its desire to liquidate these holdings and the corporate trustee cannot be charged with nonfulfillment of any present duty in that regard. The fact that the view of the majority of the trustees differs from that of the corporate trustee does not mean that this single divergence of opinions will impair the co-operation that has marked the trust administration. The question of selling does not enter into the day-to-day administration of the trust property and is not a question that interferes with the competent management of the trust. The court feels that the purpose of the testator will not be served by permitting

the resignation now sought and that the efficient administration of the estate requires the continuance in office of the corporate trustee. The latter trustee has participated in a successful administration for many years and in denying the relief here sought the court is imposing no new burden on this trustee. The application for permission to resign is denied.

Submit decree on notice settling the account.